IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DELOUISE DAILEY,<br>Plaintiff, | : | |
| vs. | : | CIVIL ACTION 14-423-KD-M |
| SYLVIA HANDS, *et al.*,<br>Defendants. | : | |

REPORT AND RECCOMENDATION

The Defendant's Motion to Dismiss has been referred to the undersigned for report and recommendation under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2. After careful consideration of the pleadings, the Motion to Dismiss, Plaintiff's Response thereto and Defendant's Reply, it is recommended that Defendant's Motion to Dismiss be granted for failure to state a claim upon which relief may be granted.

I. Facts and Proceedings

Plaintiff Delouise Dailey[1] filed her three-count

[1] The Court's electronic filing system refers to Plaintiff as "Deloris Dailey." Plaintiff's Civil Cover Sheet refers to her as "Deloris Dailey." The caption in Plaintiff's Complaint and Response in Opposition to Defendant's Motion to Dismiss refers to her as "Delouise Dailey." (Docs. 1, 10). Defendants likewise refer to Plaintiff as "Delouise Dailey." Despite the discrepancy between Plaintiff's own Civil Cover Sheet and her Complaint, the Court will refer to her Delouise Dailey

Complaint (Doc. 1) on September 16, 2014, alleging causes of action under the First Amendment via 42 U.S.C. § 1983, and for defamation and for intentional infliction of emotional distress under Alabama law. The basis of the Complaint stems from an offer of compromise presented to Plaintiff by Defendant Hands in Defendant Hands' election contest, as well as multiple gatherings between Defendants wherein they allegedly subjected Plaintiff's good character to shame, disrepute and humiliation. (Doc. 1 at 5). As Defendants, Plaintiff names Sylvia Hands, Linda Rowell, and Sue Starr. (Doc. 1). Upon service of the Complaint, Defendants filed their Motion to Dismiss, to which Plaintiff responded in opposition, and Defendants filed their Reply. (Docs. 1, 5, 10, 11). The fully briefed Motion has been considered; the Court finds in favor of

---

since that seems to be the spelling most used throughout this action. In addition to this naming error, the Court notes that Plaintiff's Complaint and her response to Defendants' Motion was fraught with typographical and grammatical errors making each submission a difficult read for the Court. The Court cautions counsel for Plaintiff that, though briefs filed in federal court are not expected to be flawless, they should be sufficiently error-free and coherent to allow the Court to understand the party's arguments without having to splice it together based on what we think the party intends to argue. *See, e.g., U.S. ex rel. Crenshaw v. Degayner,* 622 F.Supp.2d 1258 n. 5 (11th Cir. 2008) (citing *In re Roete*, 936 F.2d 963, 967 (7th Cir. 1991)(upholding imposition of sanctions where numerous unsupported arguments and grammatical errors in a party's pleading required the court to spend additional time to insure that a proper decision is reached)).

Defendants for the reasons set out below.

Plaintiff states that "at all times material hereto, Defendant Hands was the duly elected member serving District 1 of the Council for the Town of Frisco City, Alabama." (Doc. 1 at 2). Plaintiff further contends that "at all times material hereto, Defendant Sue Starr was the duly elected Mayor for the Town of Frisco City, Alabama, . . . and Defendant Linda Rowell was the duly elected member serving District 5 of the Council for the Town of Frisco City, Alabama." (*Id.*).

Municipal elections for the town of Frisco City were held on August 28, 2012. For the City Council District One representative, Defendant Sylvia Hands was the incumbent against whom Loyce Richardson ran. (Doc. 1 at 2). Plaintiff Delouise Dailey is the sister of Loyce Richardson. (*Id.*). Loyce Richardson was declared the winner by two votes, receiving 69 votes to Defendant's 67. (*Id.*). On September 7, 2012, Defendant Hands filed a lawsuit in her individual capacity as a resident and qualified elector of District One of Frisco City contesting the results of that election. (*Id.*). The lawsuit was filed in the Circuit Court of Monroe County, Alabama.

After filing the election contest, Defendant Hands sent Plaintiff Dailey an offer of compromise in a strange

attempt to settle the election contest. (*Id.* at 3). The Court notes that, oddly, Plaintiff was not a named party in the election contest lawsuit, but received the offer in compromise anyway. The offer of compromise indicated that Defendant Hands would be willing to dismiss her pending election contest if Plaintiff Dailey complied with three conditions: (1) Plaintiff must send a signed letter to the Mayor and City Council stating that she would not be designated by any candidate, or serve, as a poll watcher at any future municipal election in Frisco City; (2) Plaintiff must submit a letter to the Monroe County Judge of Probate stating that she would not serve as a poll worker in Monroe County in any future election; and (3) Plaintiff would reimburse Defendant Hands her filing/service fee of $291.00, along with her attorney's fees which were, at the time, $850.00. (*Id.*). As a result of receiving the offer in compromise, Plaintiff contends that Defendant Hands' actions "were tantamount [sic] subjugating [sic] her civil rights to serve in the election process by engaging in acts of intimidation and extortion."[2] (Doc. 1 at 3).

---

[2] In addition to the alleged civil rights violation in Count I, Plaintiff asserts in Counts II and III that Defendants Starr and Rowell acted in concert with Defendant Hands, under the color of state law, in their official and individual capacities, to "unlawfully affect the out come [sic] of the election results and voting for elective

Count I titled Federal Cause of Action, alleges that Defendant Hands, acting under color of state law, undermined through intimidation Plaintiff's First Amendment rights to free speech, political expression and to petition the government for redress. (*Id.* at 4). Plaintiff contends that "under applicable voting rights law, state and federal, [she] has the right to serve as a poll watcher and participate in the electoral process, . . . and that

---

offices to the Town. Defendant Hands, Starr and Rowell, [sic] met with each other at the home of Hands and at the Fire Department . . . which was a designated polling station wherein they engaged in acts to unduly and unlawfully affect the results of municipal elections of 2012. Plaintiff avers that in open council meetings . . . she called into question certain actions of elected officials, among them misuse of city funds, use of city workers and equipment for private property, [and] Defendants Linda Rowell and Sue Starr made verbal attacks against her good name and character. Plaintiff avers that the actions complained of herein submitted her to libel, slander, and violations of rights secured to her by" Alabama state law and the First and Fourteenth Amendments. (*Id.* at 3-4).

Counts II and III address these alleged acts of defamation which purportedly intentionally inflicted emotional distress on Plaintiff. These claims, titled "Defamation" and "Intentional Infliction of Emotional Distress," respectively, Defendants submit, and Plaintiff concedes that, state law does not provide Plaintiff a cause of action under the circumstances. (Doc. 10 at 6). Therefore, the Court treats this concession as a voluntary dismissal for those Counts, and for Defendants Starr and Rowell, as Count I does not contain any allegations against Starr and Rowell. The Court will not address these allegations or these Defendants any further beyond this point.

the First Amendment's Free Speech Clause guarantees [] her . . . the right to express her views on the affairs of city government for [t]he Town of Frisco City. Speech, including, oral, written and symbolic expression, is entitled to comprehensive protection under the First Amendment. . . ." (*Id.*).

As a result of the alleged First Amendment violation, Plaintiff allegedly suffered "damages, including but not limited to emotional anguish." (*Id.*). Plaintiff seeks compensatory damages in an unspecified amount, and "injunctive relief, enjoining the actions of the defendants [sic] from trammeling of [sic] rights of the plaintiffs [sic] and citizens of the Town of Frisco City from serving as poll watchers and participating in the electoral process." (*Id.*).

In her Motion to Dismiss, (Doc. 5), Defendant Hands contends that Plaintiff's First Amendment claim is due to be dismissed because it fails to allege any facts which give rise to a violation of free speech. Factually, Defendant argues that Plaintiff has failed to make any specific factual allegation demonstrating that she was *actually* precluded, prevented, or otherwise inhibited from engaging in any actions, speech, expression or other conduct implicated by the First Amendment, or that her

right to freedom of expression was chilled in any way. (Doc. 5-1 at 5). Defendant Hands contends that absent any such factual allegations, Plaintiff's free speech claim "stops short of the line between possibility and plausibility of 'entitlement to relief'" as discussed in the landmark cases, *Iqbal and Twombly, infra*, pp. 9-10.

Defendant further points out that Plaintiff fails to provide any facts tending to prove that Defendant Hands acted under color of state law, which is an essential element to her § 1983 claim. Defendants contend that Plaintiff mouths the buzzwords "under color of state law," but never provides any facts sufficient to prove that Defendant Hands acted under color of state law in sending her an offer of compromise.

In an effort to salvage the single remaining claim in her Complaint, Plaintiff responds in opposition to Defendants' Motion and concludes without sufficient factual allegations that her claims are more than a formulaic recitation of the elements of a First Amendment claim. (Doc. 10). "Plaintiff submits that her federal cause of action claim asserting First Amendment infringement by the defendants transcend [sic] merely serving as a poll watcher and more profoundly alleges an infringement of the right to vote and participate in the electoral process." (*Id.* at

2). Plaintiff then attempts to raise in her response claims of "retaliation and infringement of political affiliation," as well as "unlawful employment discriminatory practices" based on race-- none of which are alleged anywhere in her Complaint. (*Id.* at 2, 4). Plaintiff contends that Defendants' arguments are "preposterous" and concludes again without support that "at all time material hereto the defendants were elected officials of Frisco City" acting under color of state law to influence the outcome of future elections and voting processes. (*Id.* at 5).

Concluding her response, Plaintiff states, "to the extent that this Court finds that her First Amendment claim needs to be amended, the appropriate relief is not dismissal but rather the filing of a more definite statement by way of an amended complaint." (*Id.* at 5-6).

Defendant's Reply succinctly reiterates her previously asserted arguments regarding Plaintiff's unsupported conclusory allegations. The Reply closes with the argument that Plaintiff's allegations regarding retaliation, political infringement, race or ethnicity discrimination are due to be stricken as they were never raised in the Complaint, but only in Plaintiff's Response to the Motion to Dismiss. The Defendants correctly state that those

claims are not before the Court given that they were not raised in the Complaint, and thus have not been briefed via the pending Motion to Dismiss.

## II. Discussion

### a. Motion to Dismiss Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Factual allegations, on the assumption that all allegations in the complaint are true, must be enough to raise a right to relief above the speculative level and state a claim for relief that is plausible on its face. *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly* at 556, 557, 570)(quotation marks omitted).

The Court accepts all facts as true and limits its consideration to the pleadings and exhibits attached thereto. *Abraham v. Greater Birmingham Humane Soc'y, Inc.*, No. 2:11-CV-4358-SLB, 2014 WL 1043230, *1 (N.D.Ala. Mar. 17, 2014)(*citing Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(citation omitted). All reasonable inferences are drawn in favor of the plaintiff; however, unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Abraham,* 2014 WL 1043230 at *1 (*citing Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003)(citation omitted).

b. First Amendment

The First Amendment states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for redress of grievances." The First Amendment has long been

held to apply to the states through the Fourteenth Amendment. *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 792 n. 2 (1984)(citation omitted).

c. 42 U.S.C. § 1983

As stated above, Plaintiff seeks redress for the alleged violation of her First Amendment rights via this civil rights action under 42 U.S.C. § 1983. Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (1994). Thus, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer

is clothed with the authority of state law." *Id.* (citations omitted).

d. Application

1. First Amendment Right To Serve As Poll Watcher

Plaintiff contends that "[u]nder applicable voting rights law, state and federal, the plaintiff has the right to serve as a poll watcher and participate in the electoral process. (Doc. 1 at 4). Plaintiff alleges that these fundamental rights were violated by Defendant Hands when she sent a letter in compromise to Plaintiff on the heels of Defendant Hands filing an election contest for the election she lost to Plaintiff's brother, Loyce Richardson. As stated previously, the settlement offer requested Plaintiff to agree to forgo serving as a poll watcher in future elections in exchange for Defendant Hands dropping her election contest. Defendant Hands' Motion to Dismiss correctly states that poll watching is not a fundamental right which enjoys distinct First Amendment protection, and thus Plaintiff's First Amendment rights were not violated by the offer in compromise. *See Cotz v. Mastroeni,* 476 F.Supp.2d 332, 364 (S.D.N.Y. 2007); *Lopez Torres v. N.Y. State Bd. of Elections,* 462 F.3d 161, 183 (2d Cir. 2006); *Anderson v. Celebrezze,* 460 U.S. 780, 787 (1983); *Williams v. Rhodes,* 393 U.S. 23, 30-31 (1968).

In response to Defendant's arguments and supporting case law, Plaintiff proposes that poll watching is actually a First Amendment right that "transcends" merely serving as a poll watcher, and to limit her "right" to serve as a poll watcher profoundly infringes on her right to vote and participate in the electoral process. Plaintiff provides no case law to support her transcendence argument; Plaintiff's argument is not well taken.

First, the Court notes, and Defendant points out, that Plaintiff's Complaint is completely devoid of any allegation that she was actually precluded, prevented or otherwise inhibited from engaging in *any* actions, speech, expression or other conduct implicating her First Amendment rights. There are no allegations that Defendant Hands *actually* prevented Plaintiff from participating as a poll watcher in any election, or otherwise abrogated Plaintiff's participation in the electoral process. At best, the Court finds that Defendant Hands sent Plaintiff a letter which offended her by asking that Plaintiff agree to forgo future poll watching in exchange for Defendant dropping her election contest against Plaintiff's brother. To the Court's knowledge, Plaintiff did not agree to any of the stipulations in the letter as the election contest was resolved via bench trial by a circuit court judge, rather

than by compromise.[3] (*See Hands v. Richardson*, CV-12-31, Order dated February 27, 2013).

Furthermore, the Court finds that the proposed offer in compromise had no force or effect over Plaintiff, as she was not a party to the election contest, was not obligated to any terms in the offer, and it is unclear whether there was requisite consideration sufficient to create a binding settlement agreement. Though Plaintiff may have felt a moral or familial obligation to agree to the offer in order to spare her brother's election results, the Court does not find that Defendant Hands' proposed offer in compromise violated Plaintiff's right to serve as a poll watcher, since poll watching is not a fundamental right protected by the First Amendment. There is also no indication that Defendant's proposed offer in compromise was power exercised and possessed by virtue of state law or that the filing the election contest was made possible only because she was clothed with the authority of state law. *See West*, *supra*, p. 13.

[3] The contested election results were ultimately vacated via bench trial due to the fact that at one polling location, at least two voters were present and ready to vote, but unable to do so because the ballots were late arriving to that location. This situation ultimately caused the margin to win to change, thereby rendering the election for District One null, leaving the position vacant.

Regarding the First Amendment claim, the Court concludes that Plaintiff's Complaint sounds more in bitterness, revenge and insult rather than in seeking protection from a deprivation of rights. Mere insult and offense does not rise above the level of speculation, and thus fails to state a claim for which relief can be granted under Rule 12(b)(6), and *Iqbal* and *Twombly.*

2. "Under Color of State Law"

Plaintiff's Complaint alleges that Defendants, "acting under color of state law, in their individual and official capacity, unlawfully engaged in acts of intimidation to undermine and violate her First Amendment rights to free speech, political expression and to petition the Government for redress." (Doc. 1 at 4). Defendant disagrees, as does the Court.

Initially, the Court determines that Plaintiff's § 1983 claim fails as a matter of law because Plaintiff has provided no facts sufficient to support her claim that Defendants' actions were taken under the color of state law. As is well-established under federal pleading standards, "a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. Plaintiff, in sum,

insists that all actions taken by Defendants were in their individual *and* official capacities as elected officials of the Town of Frisco City. (Doc. 1 at 4). Those actions include the following: (1) the initiation of an election contest by Defendant Sylvia Hands; and (2) the sending of a letter form Defendant Hands to Plaintiff in an attempt to settle the election contest.

Despite the mere statement that Defendant Hands acted under color of state law, Plaintiff provides absolutely no factual support for the conclusory allegations that any of these actions were taken pursuant to any power granted to Defendant Hands by virtue of her position as elected official of the Town of Frisco City. In fact, the complaint in the election contest does not mention anywhere that Hands was filing in her official capacity. Rather, it states that Hands was merely a resident and qualified elector of the Town of Frisco City, and was filing as such. (*See Hands v. Richardson*, CV-12-31, Am. Petition dated September 7, 2012). The complaint does make note that Hands was one of the candidates running for the position, and that she received votes in the election, but it never specifically states that she filed the contest in her official capacity based on the power she possessed by virtue of being the previous elected representative of

District One. Thus, without any factual allegations indicating such, those allegations are merely speculative and do not rise to the level of a § 1983 violation.

Furthermore, the Alabama statute under which Hands filed her election contest does not require that it be filed in any official capacity, but expressly states that an election contest may be filed by "any person who was at the time of the election a qualified elector of such city or town. . . ." Ala. Code § 11-46-69. Defendant Hands fits that description.

Absent any factual support that Defendant Hands' actions were exercised based on the power possessed by her by virtue of state law, Plaintiff cannot satisfy fundamental elements of her First Amendment and § 1983 claims and her Complaint is due to be dismissed for that reason.

## III. Conclusion

Based on the foregoing, the Court recommends that Defendant Hands' Motion to Dismiss be granted, and Plaintiff's Complaint be dismissed with prejudice in its entirety for failure to state upon which relief can be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be

served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of February, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE